**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| GATHERING TREE D/B/A EDENVILLAGE, Plaintiff/Counter-Defendant,<br><br>vs.<br><br>MUDBOTS, LLC, a Utah limited liability Company;<br><br>Defendant/Counterclaimant. | **MEMORANDUM DECISION AND ORDER DENYING SHORT FORM DISCOVERY MOTION TO DEEM RESPONSES TO REQUESTS FOR ADMISSIONS TIMELY (ECF 99)**<br><br>Case No. 2:25-cv-00315-JNP-CMR<br><br>Chief Judge Jill N. Parrish<br><br>Chief Magistrate Judge Cecilia M. Romero |
| MUDBOTS, LLC, a Utah limited liability company, Third-party Plaintiff,<br><br>vs.<br><br>EDEN BUILDING SOLUTIONS, LLC, a Missouri limited liability company; Third-party Defendant. | |

Before the court is Defendant Mudbots, LLC's (Mudbots) Short Form Discovery Motion to Deem Responses to Requests for Admission Timely or Withdraw Deemed Admissions (Motion) (ECF 99), concerning Third-Party Defendant Eden Building Solutions, LLC's (EBS) First Set of Requests for Admission served May 6, 2026 (the Requests). Having considered the Motion, and the response (ECF 102), the court DENIES the Motion for the following reasons.

1. **Motion to Deem Responses Timely**

Federal Rule of Civil Procedure 36(a)(3) "makes clear that unless a response is received within thirty days of a request for admission, each item contained therein will be deemed admitted." *Bernard v. Group Pub., Inc.*, 970 F. Supp. 2d 1206, 1220 (D. Colo. 2013) (citing *Bergemann v. United States*, 820 F.2d 1117, 1120 (10th Cir. 1987) ("Unanswered requests for admission are deemed admitted.")).

EBS served the Requests on May 6, 2026, to Mudbots former counsel, Chad L. Woolley (Mr. Woolley) (ECF 99-1). On June 4, 2026, the court granted Mr. Woolley's motion to withdraw as counsel (ECF 93) and stayed the action "including all pending deadlines" for thirty days from June 4, 2026 (ECF 94). Then another former counsel, Steven L. Rinehart (Mr. Rinehart), returned to the case on July 6, 2026, in a limited capacity for thirty days (ECF 96). In his notice of limited appearance, Mr. Rinehart indicates he will be addressing "discovery-related matters" (*id.*). On July 10, 2026, counsel for EBS reminded Mr. Rinehart of the pending Requests and forwarded additional copies of the Requests and other discovery to him (ECF 99 at 2). The court then lifted the stay on July 15, 2026 (ECF 98), and Mudbots served its responses to the Requests on July 22, 2026 (ECF 102).

Though not entirely clear, it appears Mudbots argues Mr. Rinehart did not receive the requests until July 10, 2026, when EBS sent another copy of the Requests to then counsel of record. Mudbots offers no legal support for this position. While Mr. Reinhart took over the case from former counsel Mr. Woolley on July 6, 2026, the Requests were already served as of May 6, 2026. Mr. Rinehart also indicated he would be addressing discovery when he made his notice of appearance, and he cites no legal authority to support his position that he got additional time to respond to the Requests. Likewise, to the extent Mr. Rinehart is arguing the stay requires the Requests to be re-served after the stay was lifted, there is also no legal support for this position.

Twenty-nine days elapsed from the time the Requests were served (May 6, 2026) to the time the case was stayed (June 4, 2026). An additional six days elapsed from the lift of the stay (July 15, 2026) to the date the responses to the Requests were served (July 22, 2026). The responses are therefore untimely, and the request to deem them timely is therefore DENIED.

**2. Motion to Withdraw Admissions**

As addressed above, Rule 36(a)(3) "makes clear that unless a response is received within thirty days of a request for admission, each item contained therein will be deemed admitted." *Bernard*, 970 F. Supp. 2d at 1220. "The rule is quite explicit that matters shall be deemed admitted unless, within the specified time limits, a written answer is filed or objections made." *Id*. (quoting 8A Charles Alan Wright et al., *Federal Practice and Procedure* § 2259, at 551 (2d ed. 1994)). Once a matter is admitted, it "is conclusively established unless the court on motion permits withdrawal or amendment of the admission." *Raiser v. Utah Cnty.*, 409 F.3d 1243, 1246 (10th Cir. 2005) (quoting Fed. R. Civ. P. 36(b)). "The court may permit such withdrawal or amendment 'when [1] the presentation of the merits of the action will be subserved thereby and [2] the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.'" *Id.* (quoting Fed . R. Civ. P. 36(b)).

Despite citing Rule 36(b) and the *Raiser* case, Mudbots' argument claiming that the standard has been satisfied consists of only two sentences, which are conclusory (ECF 99 at 2-3). Moreover, it is not clear if Mudbots is seeking to have all the responses withdrawn, or just the one that relates to $20,000,000 in damages, as counsel has not even identified to which request this relates. The issue of withdrawal of Mudbots' admissions is significant, and the applicable standard requires Mudbots to address both elements with detail and precision. That has not been done. The Motion is therefore DENIED without prejudice.

IT IS SO ORDERED.

DATED this 26 August 2026.

Cecilia M. Romero
Chief Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah